1   Haywood S. Gilliam, Jr. (State Bar. No. 172732)                    *E-Filed: October 29, 2013*
    hgilliam@cov.com
2   Jay Rapaport (State Bar No. 281964)
    jrapaport@cov.com
3   COVINGTON & BURLING LLP
    One Front Street, 35th Floor
4   San Francisco, CA 94111
    Telephone:    (415) 591-6000
5   Facsimile:    (415) 591-6091

6   Attorneys for Plaintiff
    Eddie A. Tillman
7
    JAMES V. FITZGERALD, III (State Bar No. 55632)
8   NOAH G. BLECHMAN (State Bar No. 197167)
    PETRA BRUGGISSER (State Bar No. 241173)
9   McNAMARA, NEY, BEATTY, SLATTERY,
    BORGES & AMBACHER LLP
10  1211 Newell Avenue
    Walnut Creek, CA 94596
11  Telephone: (925) 939-5330
    Facsimile: (925) 939-0203
12
    Attorneys for Defendant
13  Antioch Police Department Officer Bostick

14

15                       UNITED STATES DISTRICT COURT

16                      NORTHERN DISTRICT OF CALIFORNIA

17                              SAN JOSE DIVISION

18

19
    EDDIE A. TILLMAN,                           Case No. CV12-2807 LHK
20
                Plaintiff,                       **STIPULATED PROTECTIVE ORDER**
21                                               (MODIFIED BY THE COURT)
        vs.
22                                               Trial Judge:    Hon. Lucy H. Koh
    ANTIOCH POLICE DEPARTMENT
23  OFFICER BOSTICK #4356,

24              Defendant.

25

26      Plaintiff Eddie A. Tillman ("Plaintiff") and Defendant Antioch Police Department Officer

27  Bostick ("Defendant"), through their respective attorneys of record, stipulate to the following

28  Protective Order:

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this litigation are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 ~~and General Order 62 set~~ sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or non-Party that challenges the designation of information or items under this Order.

2.2    Counsel of Record: attorneys who are ~~retrained~~ retained to represent or advise a Party and have appeared in this litigation on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.3    "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c), which may include: medical and psychological records, reports, evaluations, and related billing pertaining to Plaintiff or Plaintiff's physical, mental, or emotional condition or abilities; information considered to be "protected health information" under the Health Insurance Portability and Accountability Act of 1996 or "medical information" under California's Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56-56.37; and other similar confidential records designated as such, including the existence of such records and/or information.

1    2.4    Designating Party:  a Party or non-Party that designates information or

2    items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

3    Confidential – Attorneys' Eyes Only."

4    2.5    Disclosure or Discovery Material:  all items or information, regardless of

5    the medium or manner generated, stored or maintained (including, among other things, testimony,

6    transcripts, or tangible things) that are produced or generated in disclosures or responses to

7    discovery in this litigation.

8    2.6    Expert:  a person with specialized knowledge or experience in a matter

9    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

10   witness or as a consultant in this litigation and who is not a past or a current employee of a Party

11   or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

12   employee of a Party or a competitor of a Party.

13   2.7    "Highly Confidential – Attorneys' Eyes Only" Information or Items:

14   extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

15   non-Party would create a substantial risk of serious injury that could not be avoided by less

16   restrictive means.

17   2.8    Party:  any party to this litigation, including all of its officers, directors,

18   employees, consultants, retained experts, and Counsel of Record (and their support staff).

19   2.9    Producing Party:  a Party or non-Party that produces Disclosure or

20   Discovery Material in this litigation.

21   2.10    Protected Material:  any Disclosure or Discovery Material that is

22   designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

23   2.11    Professional Vendors:  persons or entities that provide litigation support

24   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

25   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

26   subcontractors.

27   2.12    Receiving Party:  a Party that receives Disclosure or Discovery Material

28   from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. See p. 4.1.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. For a period of 6 months after the termination of this litigation, this Court will retain jurisdiction to enforce the terms of this order.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the

3.     SCOPE

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

1   material is disclosed or produced.

2            Designation in conformity with this Order requires:

3            (a)      for information in documentary form (apart from transcripts of

4   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

5   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

6   of each page that contains protected material. If only a portion or portions of the material on a

7   page qualifies for protection, the Producing Party also must clearly identify the protected

8   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

9   portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY").

11            A Party or non-Party that makes original documents or materials available

12  for inspection need not designate them for protection until after the inspecting Party has indicated

13  which material it would like copied and produced. During the inspection and before the

14  designation, all of the material made available for inspection shall be deemed "HIGHLY

15  CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

16  documents it wants copied and produced, the Producing Party must determine which documents,

17  or portions thereof, qualify for protection under this Order, then, before producing the specified

18  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

19  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

20  contains Protected Material. If only a portion or portions of the material on a page qualifies for

21  protection, the Producing Party must clearly identify the protected portion(s) (e.g., by making

22  appropriate markings in the margins) and must specify, for each portion, the level of protection

23  being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

24  EYES ONLY").

25            (b)      for testimony given in deposition or in other pretrial or trial

26  proceedings, that the Party or non-Party offering or sponsoring the testimony identify on the

27  record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

28  and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

1  ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

2  testimony that is entitled to protection, and when it appears that substantial portions of the

3  testimony may qualify for protection, the Party or non-Party that sponsors, offers, or gives the

4  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

5  have up to twenty (20) days to identify the specific portions of the testimony as to which

6  protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or

7  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the

8  testimony that are appropriately designated for protection within the 20 days shall be covered by

9  the provisions of this Stipulated Protective Order.

10      Transcript pages containing Protected Material must be separately bound

11  by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL"

12  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

13  non-Party offering or sponsoring the witness or presenting the testimony.

14      (c)    for information produced in some form other than documentary,

15  and for any other tangible items, that the Producing Party affix in a prominent place on the

16  exterior of the container or containers in which the information or item is stored the legend

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

18  portions of the information or item warrant protection, the Producing Party, to the extent

19  practicable, shall identify the protected portions, specifying whether they qualify as

20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

21      5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

22  failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the

24  Designating Party's right to secure protection under this Order for such material. If material is

25  appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

26  ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on

27  timely notification of the designation, must make reasonable efforts to assure that the material is

28  treated in accordance with this Order.

1      6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

2              6.1      Timing of Challenges.  Unless a prompt challenge to a Designating Party's

3      confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

4      economic burdens, or a later significant disruption or delay of the litigation, a Party does not

5      waive its right to challenge a confidentiality designation by electing not to mount a challenge

6      promptly after the original designation is disclosed.

7              6.2      Meet and Confer.  The Challenging Party shall initiate the dispute

8      resolution process by providing written notice of each designation it is challenging and describing

9      the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the

10     written notice must recite that the challenge to confidentiality is being made in accordance with

11     this specific paragraph of the Protective Order.  The parties shall attempt to resolve each

12     challenge in good faith and must begin the process by conferring directly (in voice-to-voice

13     dialogue; other forms of communication are not sufficient) within 14 days of the date of service

14     of notice.  In conferring, the Challenging Party must explain the basis for its belief that the

15     confidentiality designation was not proper and must give the Designating Party an opportunity to

16     review the designated material, to reconsider the circumstances, and, if no change in designation

17     is offered, to explain the basis for the chosen designation.  Further meet-and-confer discussions

18     shall be held in accordance with the "Standing Order Re: Civil Discovery Disputes" of Judge

19     Howard Lloyd for so long as this litigation is assigned to Judge Lloyd for discovery purposes.

20             6.3      Judicial Intervention.  If the parties cannot resolve a challenge without

21     court intervention, they shall seek judicial resolution in accordance with the "Standing Order Re:

22     Civil Discovery Disputes" of Judge Howard Lloyd for so long as this litigation is assigned to

23     Judge Lloyd for discovery purposes.  Failure by the Designating Party to seek resolution within

24     the time required by the "Standing Order Re: Civil Discovery Disputes" shall automatically waive

25     the confidentiality designation for each challenged designation.

26             The burden of persuasion in any such challenge proceeding shall be on the

27     Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass

28     or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party

1  to sanctions.  Until the Court rules on a challenge, all parties shall continue to afford the material

2  in question the level of protection to which it is entitled under the Producing Party's designation,
   unless the Designating Party has waived the designation by failing to seek relief, as described above.

3       7.    ACCESS TO AND USE OF PROTECTED MATERIAL

4       7.1    Basic Principles.  A Receiving Party may use Protected Material that is

5  disclosed or produced by another Party or by a non-Party in connection with this case only for

6  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

7  disclosed only to the categories of persons and under the conditions described in this Order.

8  When the litigation has been terminated, a Receiving Party must comply with the provisions of

9  section 12, below (FINAL DISPOSITION).

10       Protected Material must be stored and maintained by a Receiving Party at a

11  location and in a secure manner that ensures that access is limited to the persons authorized under

12  this Order.

13       7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

14  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

15  disclose any information or item designated CONFIDENTIAL only to:

16       (a)    the Receiving Party's Counsel of Record in this litigation, as well

17  as employees of said Counsel to whom it is reasonably necessary to disclose the information for

18  this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is

19  attached hereto as Exhibit A;

20       (b)    the officers, directors, and employees of the Receiving Party to

21  whom disclosure is reasonably necessary for this litigation and who have signed the

22  "Acknowledgement and Agreement to Be Bound" (Exhibit A);

23       (c)    the insurer, as well as the employees of said insurer, of the

24  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

25  signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

26       (d)    Experts (as defined in this Order) of the Receiving Party to whom

27  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

28  and Agreement to Be Bound" (Exhibit A);

1          (e)     the Court and its personnel;

2          (f)     court reporters, their staffs, and professional vendors to whom

3    disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

4    and Agreement to Be Bound" (Exhibit A);

5          (g)     during their depositions, witnesses in this litigation to whom

6    disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to

7    Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that

8    reveal Protected Material must be separately bound by the court reporter and may not be

9    disclosed to anyone except as permitted under this Stipulated Protective Order.

10          (h)     the author of the document or recipient of a document containing

11   the information or a custodian or other person who otherwise possessed or knew the information.

12          7.3     Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

14   the Designating Party, a Receiving Party may disclose any information or item designated

15   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

16          (a)     the Receiving Party's Counsel of Record in this litigation, as well

17   as employees of said Counsel to whom it is reasonably necessary to disclose the information for

18   this litigation and who have signed the "Acknowledgement and Agreement to Be Bound"

19   (Exhibit A);

20          (b)     Experts (as defined in this Order) of the Receiving Party to whom

21   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

22   and Agreement to Be Bound" (Exhibit A);

23          (c)     the Court and its personnel;

24          (d)     court reporters, their staffs, and professional vendors to whom

25   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement

26   and Agreement to Be Bound" (Exhibit A);

27          (e)     during their depositions, witnesses in this litigation to whom

28   disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement

1   to be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions

2   that reveal Protected Material must be separately bound by the court reporter and may not be

3   disclosed to anyone except as permitted under this Stipulated Protective Order. In the event the

4   parties cannot agree upon whether disclosure is "reasonably necessary" said parties shall meet

5   and confer on the matter and if there is no resolution may seek relief from the Court. pursuant to the
    Court's Standing Order re Civil Discovery Disputes.

6                       (f)       the author of the document or recipient of a document containing

7   the information or a custodian or other person who otherwise possessed or knew the information.

8           8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

9   OTHER LITIGATION

10          If a Receiving Party is served with a subpoena or an order issued in other litigation that

11  would compel disclosure of any information or items designated in this litigation as

12  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

13  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

14  and in no event more than three court days after receiving the subpoena or order.  Such

15  notification must include a copy of the subpoena or court order.

16          The Receiving Party also must immediately inform in writing the party who caused the

17  subpoena or order to issue in the other litigation that some or all of the material covered by the

18  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

19  deliver a copy of this Stipulated Protective Order promptly to the party in the other litigation that

20  caused the subpoena or order to issue.

21          The purpose of imposing these duties is to alert the interested parties to the existence of

22  this Protective Order and to afford the Designating Party in this case an opportunity to try to

23  protect its confidentiality interests in the court from which the subpoena or order issued.  The

24  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

25  confidential material – and nothing in these provisions should be construed as authorizing or

26  encouraging a Receiving Party in this litigation to disobey a lawful directive from another court.

27          9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

28          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

1  Material to any person or in any circumstance not authorized under this Stipulated Protective
2  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
3  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the
4  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were
5  made of all the terms of this Order, and (d) request such person or persons to execute the
6  "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7        10.    FILING PROTECTED MATERIAL

8        Without written permission from the Designating Party or a court order secured after
9  appropriate notice to all interested persons, a Party may not file in the public record in this
10 litigation any Protected Material. A Party that seeks to file under seal any Protected Material
11 must comply with Civil Local Rule 79-5 and General Order 62.

12       11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
13 PROTECTED MATERIAL

14       When a Producing Party gives notice to Receiving Parties that certain inadvertently
15 produced material is subject to a claim of privilege or other protection, the obligations of the
16 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This
17 provision is not intended to modify whatever procedure may be established in an e-discovery
18 order that provides for production without prior privilege review. Pursuant to Federal Rule of
19 Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a
20 communication or information covered by attorney-client privilege or work-product protection,
21 the parties may incorporate their agreement in the Stipulated Protective Order submitted to the
22 Court.

23       12.    FINAL DISPOSITION

24       Unless otherwise ordered or agreed in writing by the Producing Party, each Receiving
25 Party must return all Protected Material to the Producing Party within sixty (60) days after the
26 final termination of this litigation, defined as the later of (1) dismissal of all claims and defenses
27 in this litigation, with or without prejudice or (2) final judgment after the completion and
28 exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time

1   limits for filing any motions or applications for extension of time pursuant to applicable law.  As

2   used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

3   summaries or any other form of reproducing or capturing any of the Protected Material.  With

4   permission in writing from the Designating Party, the Receiving Party may destroy some or all of

5   the Protected Material instead of returning it.  Whether the Protected Material is returned or

6   destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

7   not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies

8   (by category, where appropriate) all the Protected Material that was returned or destroyed and that

9   affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

10  or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this

11  provision, Counsel of Record are entitled to retain an archival copy of all pleadings, motion

12  papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

13  materials contain Protected Material.  Any such archival copies that contain or constitute

14  Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION),

15  above.

16          13.     MISCELLANEOUS

17                  13.1    Right to Further Relief.  Nothing in this Order abridges the right of any

18  person to seek its modification by the Court in the future.

19                  13.2    Right to Assert Other Objections.  By stipulating to the entry of this

20  Protective Order no Party waives any right it otherwise would have to object to disclosing or

21  producing any information or item on any ground not addressed in this Stipulated Protective

22  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

23  the material covered by this Protective Order.

14.     See p. 12.1.

24          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

25

26

27

28

14.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

Dated:  July 12, 2013                    COVINGTON & BURLING

                                         By:  __/s/ Jay Rapaport_____
                                                 Haywood S. Gilliam, Jr.
                                                 Jay Rapaport
                                                 Attorneys for Plaintiff


Dated:  July 12, 2013                    McNAMARA, NEY, BEATTY, SLATTERY,
                                         BORGES & AMBACHER LLP


                                         By:  __/s/ Noah G. Blechman_____
                                                 James V. Fitzgerald, III
                                                 Noah G. Blechman
                                                 Petra Bruggisser
                                                 Attorneys for Defendant
                                                 Antioch Police Department Officer Bostick


### PURSUANT TO STIPULATION, IT IS SO ORDERED. AS MODIFIED.


DATED:  __10/29/13_____

                                         _____
                                         Hon. ~~Lucy H. Koh~~ Howard R. Lloyd
                                         United States ~~District Judge~~ Magistrate Judge

STIPULATED PROTECTIVE ORDER - CV12-2807 LHK          13

## **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name]

of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understood the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Tillman v. Antioch Police Department Officer Bostick,* Case No. CV12-2807 LHK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this litigation.

I hereby appoint _____ [print or type full name]

of _____

[print or type full address and telephone number] as my California agent for service of process in connection with this litigation or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature:_____