UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDDIE TILLMAN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ANTIOCH POLICE DEPARTMENT OFFICER<br>BOSTICK #4356,<br><br>　　　　　　Defendant. | Case No.: 12-CV-02807-LHK<br><br>MINUTE ORDER, CASE MANAGEMENT ORDER, ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

Clerk:  Martha Parker Brown　　　Plaintiff: No Appearance
Reporter:  Gina Colin　　　　　　Defendant's Attorney: Noah Blechman
Length of hearing:

　　　A case management conference was held in this case on February 12, 2014, at 2:00 p.m. Plaintiff did not appear at the conference. At the conference, the Court issued an order to show cause why this case should not be dismissed with prejudice for failure to prosecute.

　　　Plaintiff filed his Complaint on June 1, 2012. *See* ECF No. 1. On December 10, 2012, Plaintiff filed an "Opposition" to Defendant's Answer. ECF No. 11. On May 13, 2013, this Court appointed Haywood S. Gilliam and Jay N. Rapaport of Covington & Burling LLP as pro bono counsel for Plaintiff. ECF No. 24. On August 2, 2013, Plaintiff's pro bono counsel filed a motion

1

to withdraw. ECF No. 29.[1] The Court held a hearing on this motion to withdraw on August 29, 2013. ECF No. 30. At the motion hearing, the Court orally granted the motion to withdraw and set a further case management conference for October 30, 2013 at 2:00 p.m. ECF No. 32. The Court also ordered that "Defendant's counsel shall serve this order on the Litigation Coordinator at San Quentin State Prison. The Litigation Coordinator at San Quentin State Prison shall make Plaintiff available by telephone at 2:00 p.m. on October 30, 2013 to participate in the further case management conference." *Id.* The Court further ordered that Plaintiff's withdrawing pro bono counsel "provide to Plaintiff the Pro Se Handbook available at the Northern District of California's website." *Id.* On September 26, 2013, the Court issued a written order memorializing the hearing. *Id.*

On October 30, 2013, the Court held a case management conference, at which Plaintiff appeared pro se via telephone. ECF No. 34. Plaintiff indicated that he would shortly be released from prison and that his daughter's home address, which Plaintiff provided at the hearing, would be his address upon release from prison. *Id.* The Court ordered Plaintiff to contact the Federal Legal Assistance Self Help Center following his upcoming release from prison, and provided Plaintiff the phone number for the San Francisco FLASH Center. *Id.* The Court also referred the Plaintiff's case to the Federal Pro Bono Project. *Id.* At the conference, Plaintiff agreed to register for ECF following his anticipated release from prison in order to receive future orders and case updates electronically. *Id.* The Court also set a further case management conference for February 12, 2014, at 2:00 p.m. *Id.* On December 18, 2013, Plaintiff filed a notice of change in address from San Quentin State Prison to his daughter's home address. ECF No. 36.

Plaintiff failed to file a Case Management Statement in advance of the February 12, 2014 Case Management Conference, as required by Civil Local Rule 16-10(d). As noted above, at the previous Case Management Conference held by this Court on October 30, 2013, Plaintiff agreed to

---

[1] In their motion to withdraw, the attorneys noted that after their appointment, they had diligently worked to prepare Plaintiff's case and met twice with Plaintiff at San Quentin State Prison, but that a "serious issue ha[d] arisen in the case," which the lawyers could not reveal "because of their duty to maintain confidentiality." ECF No. 29 at 1.

2

Case No.: 12-CV-02807-LHK
MINUTE ORDER, CASE MANAGEMENT ORDER, ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

register for ECF once released from prison in order to receive future orders and provide case updates to the Court electronically. ECF No. 34. Plaintiff has failed to do so.

Further, in Defendant's February 5, 2014 Case Management Conference statement and at the February 12, 2014 Case Management Conference, defense counsel reported that Defendant served a request for production of documents on Plaintiff, but Plaintiff never responded. Defendant sent a meet and confer letter on January 27, 2014, asking Plaintiff again to provide the requested documents by February 5, 2014. Defense counsel reported that Plaintiff did not respond to Defendant's meet and confer letter. Plaintiff also did not attend the deposition of a witness conducted by Defense counsel. Finally, Plaintiff did not appear at the Case Management Conference on February 12, 2014.

The Court hereby orders Plaintiff to show cause why this case should not be dismissed with prejudice for failure to prosecute. Plaintiff has until February 24, 2014, at noon. to file a response to this Order to Show Cause and to explain why he failed to file a Case Management Conference Statement, failed to attend the Case Management Conference on February 12, 2014, failed to respond to Defendant's discovery request and meet and confer letter, and failed to attend the deposition of one witness. A hearing on this Order to Show Cause is set for Wednesday, February 26, 2014, at 2:00 p.m. Plaintiff's failure to respond to this Order and to appear at the February 26, 2014 hearing will result in dismissal of this action with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: February 12, 2014

_____
LUCY H. KOH
United States District Judge