UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDDIE TILLMAN, | Case No.: 12-CV-02807-LHK |
| Plaintiff, | MINUTE ORDER; CASE MANAGEMENT ORDER; ORDER DISMISSING CASE WITH PREJUDICE |
| v. | |
| ANTIOCH POLICE DEPARTMENT OFFICER BOSTICK #4356, | |
| Defendant. | |

Clerk: Martha Parker Brown  Plaintiff: No appearance
Reporter: Gina Colin  Defendant's Attorney: Noah Blechman
Length of hearing:

A case management conference was held in this case on April 2, 2014, at 2:00 p.m. Plaintiff Eddie Tillman did not appear. For the reasons stated on the record and set forth below, the Court dismissed this case with prejudice at the April 2, 2014 case management conference.

Plaintiff filed his Complaint on June 1, 2012. *See* ECF No. 1. On December 10, 2012, Plaintiff filed an "Opposition" to Defendant's Answer. ECF No. 11. On May 13, 2013, this Court appointed Haywood S. Gilliam and Jay N. Rapaport of Covington & Burling LLP as pro bono counsel for Plaintiff. ECF No. 24. On August 2, 2013, Plaintiff's pro bono counsel filed a motion

1

Case No.: 12-CV-02807-LHK
MINUTE ORDER; CASE MANAGEMENT ORDER; ORDER DISMISSING CASE WITH PREJUDICE

1    to withdraw. ECF No. 29.[1] The Court held a hearing on this motion to withdraw on August 29,
2    2013. ECF No. 30. At the motion hearing, the Court orally granted the motion to withdraw and set
3    a further case management conference for October 30, 2013 at 2:00 p.m. ECF No. 32. The Court
4    also ordered that "Defendant's counsel shall serve this order on the Litigation Coordinator at San
5    Quentin State Prison. The Litigation Coordinator at San Quentin State Prison shall make Plaintiff
6    available by telephone at 2:00 p.m. on October 30, 2013 to participate in the further case
7    management conference." *Id.* The Court further ordered that Plaintiff's withdrawing pro bono
8    counsel "provide to Plaintiff the Pro Se Handbook available at the Northern District of California's
9    website." *Id.* On September 26, 2013, the Court issued a written order memorializing the hearing.
10   *Id.*

11   On October 30, 2013, the Court held a case management conference, at which Plaintiff
12   appeared pro se via telephone. ECF No. 34. Plaintiff indicated that he would shortly be released
13   from prison and that his daughter's home address, which Plaintiff provided at the hearing, would
14   be his address upon release from prison. *Id.* The Court ordered Plaintiff to contact the Federal
15   Legal Assistance Self Help Center following his upcoming release from prison, and provided
16   Plaintiff the phone number for the San Francisco FLASH Center. *Id.* The Court also referred the
17   Plaintiff's case to the Federal Pro Bono Project. *Id.* At the conference, Plaintiff agreed to register
18   for ECF following his anticipated release from prison in order to receive future orders and case
19   updates electronically. *Id.* The Court also set a further case management conference for February
20   12, 2014, at 2:00 p.m. *Id.* On December 18, 2013, Plaintiff filed a notice of change in address from
21   San Quentin State Prison to his daughter's home address. ECF No. 36.

22   Plaintiff failed to file a Case Management Statement in advance of the February 12, 2014
23   Case Management Conference, as required by Civil Local Rule 16-10(d). As noted above, at the
24   Case Management Conference held on October 30, 2013, Plaintiff agreed to register for ECF once

---

[1] In their motion to withdraw, the attorneys noted that after their appointment, they had diligently worked to prepare Plaintiff's case and met twice with Plaintiff at San Quentin State Prison, but that a "serious issue ha[d] arisen in the case," which the lawyers could not reveal "because of their duty to maintain confidentiality." ECF No. 29 at 1.

2
Case No.: 12-CV-02807-LHK
MINUTE ORDER; CASE MANAGEMENT ORDER; ORDER DISMISSING CASE WITH PREJUDICE

released from prison in order to receive future orders and provide case updates to the Court electronically. ECF No. 34. Plaintiff failed to do so.

Further, in Defendant's February 5, 2014 Case Management Conference statement and at the February 12, 2014 Case Management Conference, defense counsel reported that Defendant served a request for production of documents on Plaintiff, but Plaintiff never responded. ECF No. 37. Defendant sent a meet and confer letter on January 27, 2014, asking Plaintiff again to provide the requested documents by February 5, 2014. Defense counsel reported that Plaintiff did not respond to Defendant's meet and confer letter. Plaintiff also did not attend the deposition of a witness conducted by Defense counsel. Plaintiff did not appear at the Case Management Conference on February 12, 2014.

On February 12, 2014, the Court ordered Plaintiff to show cause why this case should not be dismissed with prejudice for failure to prosecute. ECF No. 38. The Court said Plaintiff had until February 24, 2014 to file a response to the Order to Show Cause to explain why he failed to file a Case Management Conference Statement, failed to attend the Case Management Conference on February 12, 2014, failed to respond to Defendant's discovery request and meet and confer letter, and failed to attend the deposition of one witness. The Court set a hearing on the Order to Show Cause for Wednesday, February 26, 2014, at 2:00 p.m. The Court noted in its Order to Show Cause that "Plaintiff's failure to respond to this Order and to appear at the February 26, 2014 hearing will result in dismissal of this action with prejudice for failure to prosecute." ECF No. 38 at 2.

Plaintiff never filed a response to the Order to Show Cause. On February 26, 2014, this Court held a hearing on the Order to Show Cause. Plaintiff appeared pro se and explained that he was released from San Quentin in December 2013, and that he had health problems, including a serious illness since his release. Accordingly, the Court vacated the Order to Show Cause on February 26, 2014. ECF No. 39. At the Order to Show Cause hearing, the Court set a further case management conference for April 2, 2014 at 2:00 p.m. and informed the parties in a case management order that they were required to file a Joint Case Management Statement by March 26, 2014 for the April 2, 2014 case management conference. ECF No. 39 at 1. At the Order to Show Cause hearing, Plaintiff also was ordered to register for ECF by March 12, 2014 in order to

3

receive future orders and case updates electronically. *Id.* Plaintiff informed the Court that he was actively seeking new counsel and the Court thus ordered that Plaintiff's new counsel, if retained, was required to file a notice of appearance with the Court by March 19, 2014. *Id.* The Court also provided Plaintiff with information on how to contact the Federal Legal Assistance Help Center in both San Jose and San Francisco for assistance, should Plaintiff continue in this case without legal representation. *Id.*

Subsequent to the February 26, 2014 Order to Show Cause hearing, Plaintiff failed to register for ECF by the March 12, 2014 deadline, and no counsel appeared for Plaintiff by March 19, 2014. Plaintiff also failed to participate in filing a Joint Case Management Statement for the April 2, 2014 case management conference. ECF No. 40 (Defendant's case management statement indicating that Defendant mailed a draft of his proposed case management statement to Plaintiff, but that Plaintiff did not respond). Nor did Plaintiff file his own case management statement in advance of the April 2, 2014 case management conference.

Plaintiff failed to appear at the April 2, 2014 case management conference even though Plaintiff was present at the February 26, 2014 Order to Show Cause hearing, when the Court set the April 2, 2014 date. On April 2, 2014, the Court waited from 2:00 p.m. to 3:21 p.m. to see if Plaintiff would make an appearance, but he did not.

The Court reiterates that Plaintiff has failed to respond to Defendant's request for production of documents served on November 13, 2013. ECF no. 40 at 3. Plaintiff did not respond to Defendant's meet and confer letters sent on January 27, 2014, and on March 11, 2014. *Id.* Finally, Defendant informed the Court at the April 2, 2014 case management conference that Plaintiff had not produced his documents with his initial disclosures yet, even though Plaintiff's previous pro bono counsel had prepared them.

In light of Plaintiff's failure to prosecute this case, this case is dismissed with prejudice. The clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: April 2, 2014

_____
LUCY H. KOH
United States District Judge

4

Case No.: 12-CV-02807-LHK
MINUTE ORDER; CASE MANAGEMENT ORDER; ORDER DISMISSING CASE WITH PREJUDICE